CHARLES A. CLARK vs EZEKIEL W. CHAMBERLAIN & wife.

Land bought and paid for by a debtor, and conveyed to his wife with intent to defraud his creditors, may be taken on execution for his debts, under Gen. Sts. c. 103, § 1; and the levy of the execution thereon will give the judgment creditor a right, under Gen. Sts. c. 103, § 48, to maintain a writ of entry against the husband and wife to recover possession thereof, within one year after the return of the execution.

The officer in his return upon the execution in such case may properly describe the land as the estate of the judgment debtor, without mentioning his wife, and may certify that he "delivered seisin and possession thereof" to the creditor, without stating that it was only a momentary seisin and possession.

If the husband's intent was actually fraudulent in taking the conveyance in the name of his wife, it is not necessary, in order to invalidate the conveyance, to show that she participated in such intent, if she paid no part of the consideration.

If evidence has been introduced of an admission by a debtor that he was owing several little bills, for the purpose of showing his indebtedness at the time of a conveyance alleged to be fraudulent, the judge may properly submit it to the jury, without instructing them that this evidence, "unaccompanied by other evidence of indebtedness, is not sufficient, standing by itself, to warrant them in finding that he was indebted beyond the amount he was indebted" to the creditor who was seeking to set aside the conveyance; and without instructing them that "the burden of proof is on the demandant to prove at least approximately how much the debtor was indebted beyond the amount he owed to the demandant."

For the purpose of proving that a debtor, at the time of a conveyance alleged to be fraudulent, had no visible attachable property, evidence is competent to show that prior to that time a lawyer who held a demand against him for collection made inquiry and could find no property; but this evidence is not competent for the purpose of showing the indebtedness of the debtor.

WRIT OF ENTRY to recover a parcel of land in Taunton. At the trial in the superior court, before *Brigham*, J., the demandant claimed title to the premises under the levy of an execution upon a judgment recovered by him against Ezekiel W. Chamberlain upon a portion of a lot of land conveyed by Elijah Wilbur to Harriet L. Chamberlain, wife of said Ezekiel W., by deed dated September 2d 1864. The consideration for this deed was paid by Mrs. Chamberlain from money furnished to her by her husband for that purpose. The execution was dated October 3d 1865. The certificate of the appraisers described the land as the estate of Ezekiel W. Chamberlain, making no reference to Mrs. Chamberlain; and the return of the officer upon the execution, dated October 4th 1865, described the land in the same

manner, and stated that he "delivered seisin and possession thereof to the said Charles A. Clark, the creditor."

The demandant testified that in January 1863 Ezekiel W Chamberlain contracted a debt of $28.96 for groceries, which was the debt upon which the judgment above referred to was recovered; and that prior to September 2d 1864 he frequently demanded payment, and could find no attachable property of Chamberlain.

Elijah Wilbur testified that Mr. Chamberlain bargained for the lot, and asked to have the deed made in his wife's name because "there were some little bills, but when he came from the invalid corps [into which he had enlisted] he would probably have money enough to build him a house and take care of these little bills." There was evidence showing Chamberlain's enlistment into the invalid corps, and his receipt of about $400 bounty, and his sending the money to his wife. Chamberlain testified in contradiction of the testimony of Wilbur; and stated that at the date of the deed he owed nobody but the demandant, that he knew of, and had more than enough left to pay all he owed, after paying for the land.

James H. Dean, a lawyer, was allowed to testify, under objection, that prior to September 2d 1864 he had a demand against Chamberlain in his hands for collection, and made inquiries with a view to collect the claim if property could be found, but knew of no attachable property of his.

The above was all the evidence upon the points which are now material. There was no question at the trial that, in addition to the $400, Chamberlain was entitled to receive $325 from the Commonwealth as bounty.

The tenants contended that this writ could not be maintained, because the Gen. Sts. *c.* 103, § 1, gave no authority to the demandant to levy on land in the name of Mrs. Chamberlain, conveyed to her under the circumstances described; that a writ of entry was not a proper form of action for a case of this kind; that the levy being void by Gen. Sts. *c.* 103, § 48, unless a suit was commenced within a year, the demandant had no right of entry at the time of commencing this writ; that the levy was

insufficient as against Mrs. Chamberlain, because no mention of her title was made; and that upon all the facts the action could not be maintained. But the judge ruled that the action could be maintained.

The tenants then asked the court to rule that this writ could not be maintained, even if Mr. Chamberlain intended by the conveyance to his wife to defraud his creditors, without some proof that Mrs. Chamberlain participated in or had knowledge of such intent; but the judge ruled that such proof was unnecessary.

The tenants then requested the court to rule that the testimony of Wilbur respecting the admission of Mr. Chamberlain that there were several little bills, unaccompanied by other evidence of indebtedness, was not sufficient, standing by itself, to warrant the jury in finding that he was indebted beyond the amount he was indebted to the demandant; that the burden of proof was on the demandant to prove at least approximately how much he was indebted beyond the debt he owed to the demandant; and that the testimony of Dean, so far as respected the indebtedness of Mr. Chamberlain prior to the date of the deed, was not so connected with any other evidence of actual indebtedness, except the indebtedness to the demandant, as to make it competent evidence for the jury to consider as showing additional indebtedness. But the judge declined to give any instructions upon these points further than to say that they were questions of fact for the jury. The judge also, among other instructions, ruled that it would be essential for the demandant to show that Mr. Chamberlain was indebted beyond his means of payment remaining after the conveyance.

The jury returned a verdict for the demandant, and the tenants alleged exceptions.

*J. Brown & C. A. Reed,* for the tenants.

*E. Ames & G. E. Williams,* for the demandant.

HOAR, J. The demandant, having recovered a judgment against Ezekiel W. Chamberlain, levied his execution upon land which he alleged to have been purchased and paid for by the judgment debtor, and conveyed to his wife, Harriet L.

Chamberlain, with intent to delay, defeat or defraud his creditors and brings this suit, which is a writ of entry, to recover the land set off by the levy. A number of exceptions were taken to the rulings at the trial; but one of which appears to have been well founded.

1. The levy was made under the provisions of Gen. Sts. c. 103, § 1; and the tenants make the objection that the section does not apply to the case, because the land levied on was not the land of the judgment debtor, and he had no title to it, legal or equitable. The section includes the same substantial provision, though less clearly expressed, which was first enacted in St. 1844, c. 107; and by its own terms declares and creates the interest which it empowers the creditor to take. To hold that it only applied to lands to which the debtor had a title would render it senseless and absurd. *Foster* v. *Durant*, 2 Gray, 538. *Livermore* v. *Boutelle*, 11 Gray, 217. *Mill River Loan Fund Association* v. *Claflin*, 9 Allen, 101.

2. The next objection is that the demandant acquired no right of entry by his levy, and therefore cannot maintain a writ of entry. The provision that his levy shall be void unless an action shall be brought to recover possession within one year after the return of the execution, Gen. Sts. c. 103, § 48, would of itself imply a right of action; and a writ of entry is the proper form of action. But the tenants' counsel are mistaken in saying that this section makes the levy void " until " he commences his suit to recover possession; the word used in that statute is " unless," and § 16 provides that the officer serving the execution shall give to the creditor a momentary seisin, which shall enable him to maintain an action.

3. The proceedings in making the levy were all in conformity with the statute, which does not require any statement in the officer's return other than those which were made. The inconveniences suggested in regard to the exercise of the right of redemption are for the most part only those which exist in al cases of levy on lands fraudulently conveyed by the debtor.

4. Where the purpose of the grantor is shown to have been actually fraudulent as to creditors, it is sufficient to prove that the

grantee takes without consideration, without proving otherwise his participation in the fraudulent intent. *Marden* v. *Babcock*, 2 Met. 99, 104. The same rule is applicable to the fraudulent procurement of a conveyance to a third person under the statute. The general instructions as to the facts necessary to show a fraudulent transfer to the wife were also correct

5. The instructions asked in regard to Wilbur's testimony were not requisite, and his evidence was properly submitted to the jury. Nor was the burden of proof on the demandant to show even " approximately " the amount of Chamberlain's debts, if the proof established that he was so much indebted as to make the conveyance which he procured fraudulent.

6. The last exception which remains to be considered is more substantial. The witness Dean testified that he was a lawyer, and had a demand against Chamberlain left with him for collection ; that he made diligent inquiry to learn whether Chamberlain had any property, in order to collect this demand, but could find none. This testimony was admitted under objection, but we think it was competent. The fact that he had a demand for collection was immaterial, except as inducement to show the reason and nature of his inquiry. But that he made inquiry and could find no property was evidence for the jury on the question whether Chamberlain had any property which a creditor could discover. The tenants then asked the court to rule that the evidence of Dean was not competent for the jury to consider as showing additional indebtedness ; but the court declined to give any instructions upon the point further than to say that it was a question of fact for the jury. We can have no doubt that this refusal was inadvertent; that the instruction asked should have been given ; and that the tenants may have been seriously prejudiced by its omission. That a demand has been left with a lawyer for collection is obviously not evidence of a debt; and it should not have been left to the jury as a question of fact, but they should have been instructed to the contrary. For this reason the verdict must be set aside, and a new trial granted. *Exceptions sustained.*